## WARE *vs.* WADLEIGH.

The husband of the tenant in a real action, having entered under the title of *J. C.* who was the true owner, afterwards conveyed the premises to the demandant in fee, and then died; the tenant pleaded that she was not tenant of the freehold, but was merely tenant at will to *J. C.*; whose title was traversed by the demandant; and it was held that the plea was maintained by proof of the better title of *J. C.* without any evidence of actual attornment.

THIS was a writ of entry, upon the demandant's own seisin, and a disseisin by *Elizabeth Wadleigh*, the tenant; who pleaded that one *Jacob Cilly* was the true and lawful owner of the premises, and that she was his tenant at will. The demandant traversed the title of *Cilly*, upon which issue was joined.

The tenant, in support of her plea, showed a deed of the premises from one *Kinsman* to *Jonathan Cilly* and *Enoch Butler*, made in the year 1796; and a deed of the whole tract, with general warranty, from *Jonathan* to *Jacob Cilly* made *Dec.* 4, 1801, acknowledged *October* 15, 1803, and recorded *January* 23, 1823. She also proved that her husband entered into the premises in 1822, in submission to the title of *Jacob Cilly*, of whom, as he frequently declared, previous to 1825, he intended to purchase the premises.

The demandant derived his title by a deed from *Daniel Wadleigh* the husband of the tenant, made in 1825; and he proved that *Wadleigh*, from the time of his entry, till his death in 1827, occupied the land, managing it as other farmers managed their own; that he built a house and barn, and planted an orchard thereon; and that the tenant had continued to possess and manage the property as he had done in his life time.

Upon this evidence *Parris J.* before whom the cause was tried, directed a nonsuit, subject to the opinion of the Court.

*Allen,* for the demandant, contended that the possession of *Wadleigh,* after his deed, was the possession of the demandant; and operated a disseisin of *Cilly*; which could not be purged but by his actual entry. 2 *Bl. Com.* 199; *Gookin v. Whittier,* 4 *Greenl.* 17. His intent to purchase of *Cilly* did not create a tenancy at

will ; *Little v. Libby*, 2 *Greenl.* 242 ;—and if it did, it was terminated by his subsequent conveyance of the premises in fee. The possession of the tenant was merely a continuance of the occupancy of her husband ; unless evinced to be otherwise by some act of attornment to *Cilly* ; which the case does not find.

*Boutelle* and *Sprague* for the tenant.

WESTON J. delivered the opinion of the Court.

The plea in this case is substantially a special nontenure ; although the issue tendered and joined does not technically present the material point essential to a plea of this sort ; which is that the party sued is not tenant of the freehold. As no objection however is taken to the form of pleading, this ground of defence is sustained by, and deducible from the plea, if the averments it contains are supported by competent proof. The only averment in the plea, traversed by the replication, is the seisin of *Jacob Cilly*. In support of the issue on her part, the tenant produced a deed of warranty of the demanded premises, from *Jonathan Cilly* to the said *Jacob*, dated *December* 4, 1801, acknowledged *October* 15, 1803, and recorded *January* 23, 1823. As *Jacob Cilly* was, at the time of the commencement of this action, in possession of the demanded premises, by the said *Elizabeth Wadleigh*, his tenant at will, a fact which is averred in the plea, and not denied in the replication, and as the demandant offered no evidence of title anterior to, or going behind this, it was evidence sufficient to support the issue on the part of the tenant, and she was under no necessity to show the origin of *Jonathan Cilly's* title. She has however done this ; and the evidence adduced shows that only a moiety of the premises, in common and undivided, was originally conveyed to him. *Jacob Cilly* however has a recorded deed of the whole ; he is in possession of the whole ; and he derives title from one who was the undoubted owner of a moiety. Upon this view of the evidence, he has a seisin of the whole ; defeasible it may be, as to a moiety, but not liable to be impeached on the part of the demandant, by reason of any title by him exhibited. When *Jacob Cilly* is called upon to vindicate his right to the whole premises, by any person entitled to bring it in

question, he may be able to show a release from *Enoch Butler* to his cotenant *Jonathan, Cilly*, who conveyed to *Jacob*. Or, if *Jonathan* had a valid title only to a moiety, his deed of warranty to *Jacob*, the registry of that deed, and his actually occupancy under it, divested the actual seisin of *Butler*, and by lapse of time the title of *Jacob* to the whole, may become indefeasible. At any rate, there is sufficient proof of actual seisin in him.

But it is contended that from the facts it appears that *Jacob Cilly* was disseised; and that the disseisin has not been purged by actual entry, or by judgment of law. To this it may be replied, first, that the possession of *Daniel Wadleigh* was in subordination to the title of *Cilly*, and that although his deed to the demandant may be regarded as a disseisin at the election of *Cilly*, yet that it did not constitute a disseisin in fact; and secondly, that if it did, his subsequent entry and possession, by his tenant at will, put an end to the disseisin, and restored to him the actual seisin and enjoyment of the premises. The nonsuit is confirmed; and the tenant is to be allowed her costs.